IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Mr. Tint, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> 3M Company, <br>                    Defendant. | Case No: 7:23-cv-6279-TMC <br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

Plaintiff, Mr. Tint, Inc. complaining of the Defendant 3M Company, alleges as follows:

**PARTIES**

1.    Plaintiff Mr. Tint, Inc. is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located in Richland County, South Carolina.

2.    Defendant 3M Company is, upon information and belief, a corporation organized and existing under the laws of Delaware with its principal place of business located in St. Paul, Minnesota.

**JURISDICTION AND VENUE**

3.    Defendant 3M, through its "3M Commercial Branding & Transportation Division," routinely enters into contracts for the sale and delivery of safety and security window film for installation in schools located in South Carolina.

4.    At all times relevant to this Complaint, Mr. Tint was an authorized dealer of 3M safety and security film under a written agreement dated July 15, 2015.

5.    Since 2018, and in its role as an authorized dealer of 3M products, Mr. Tint has purchased hundreds of thousands of dollars of 3M's safety and security window film manufactured

1

by 3M through its master distributor, Energy Products Distribution ("EPD"), for installation at various schools located in South Carolina, including but not limited to schools located in Spartanburg School District 5.

6. This lawsuit arises from 3M's tortious actions in sending a false and defamatory letter to Ryan Cothran, the Director of Safety and Emergency Services at Spartanburg District 5, which falsely stated that window film installed by Mr. Tint was not a 3M product, which has caused Plaintiff reputational and other damages in excess of $75,000.

7. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over 3M because the claims alleged herein arise from the business that 3M regularly conducts in this state, and from contracts that were to be performed in whole or in part in this state. Further, the injury that 3M caused Plaintiff by its tortious acts has been and is being suffered in this state.

9. Venue is appropriate in this District and this Division pursuant to 28 USC § 1391(a) because a substantial part of the events giving rise to Plaintiff's claim occurred in Spartanburg County, South Carolina. Specifically, the Defendant sent the false and defamatory letter by way of email to Spartanburg County, South Carolina, after allegedly receiving samples of security window that were shipped to 3M from South Carolina, which windows were installed in South Carolina by Mr. Tint.

## FACTS

10. In 2018, Plaintiff Mr. Tint entered into a procurement agreement with Spartanburg School District 5 (the "School District") to install 3M safety and security window film at the School District's various facilities.

11. Mr. Tint purchased the 3M safety and security window film for installation at the School District's facilities from 3M's master distributor, EPD, which is located in Baltimore, Maryland.

12. EPD has been a Master Distributor of 3M window film since the 1980s and has developed a symbiotic relationship with the 3M Commercial Branding & Transportation Division, which manufactures and distributes the 3M safety and security film. In fact, the spouse of EPD's regional sales representative for the South Carolina market has a business which itself installs 3M safety and security window film.

13. This EPD sales representative frequently pressured Mr. Tint to subcontract with the representative's spouse to install security window film at various school districts in South Carolina. Mr. Tint, however, refused to subcontract with the sale representative's spouse and as a result, EPD's representative insisted on being informed of all new business that Mr. Tint would bid on so that other companies who were willing to retain the sales representative's spouse could bid against Mr. Tint, which they often did successfully.

14. After losing jobs to other dealers in this manner, Mr. Tint thereafter refused to inform EPD of new business opportunities upon which it would bid. This refusal soured Mr. Tint's relationship with EPD's sales representative and her counterparts at the 3M Commercial Branding & Transportation Division.

15. Upon information and belief, the EPD sales representative, in conjunction with her counterpart at 3M, conspired to damage Mr. Tint's reputation and business.

16. Sometime prior to November 1, 2023, upon information and belief, either the EPD sales representative or someone acting on her behalf contacted the School District and falsely alleged that Mr. Tint had not installed 3M products at two work sites where it had performed work for the School District, specifically at Byrnes Freshman Academy and Reidville Elementary School.

17. In response to these false assertions, officials from the School District sent samples of security window film to 3M to evaluate whether the film installed by Mr. Tint was in fact a 3M product.

18. On November 1, 2023, Pam Dorrough, the Territory Manager for Northeast US in 3M's Commercial Branding & Transportation Division for 3M Window Film, sent a letter via email to Ryan Cothran at the School District stating that "3M reviewed and analyzed the three samples provided by the District, two taken from Byrnes Freshman Academy and one taken from Reidville Elementary. 3M determined the product installed at both those locations is not a 3M product." The letter further states "3M will take action with Mr. Tint directly with regard to this matter. We also recommend you address this matter with Mr. Tint to resolve this matter as the seller of this product."

19. Also on November 1, 2023, 3M provided notice of termination of the "3M Window Film Prestige Dealer Authorized Dealer Agreement" that it maintained with Mr. Tint.

20. As a result of 3M's actions, Mr. Tint's contract with the School District was immediately terminated.

**FIRST CAUSE OF ACTION**

21. Plaintiff re-alleges the preceding paragraphs as if fully restated verbatim herein.

22. Prior to November 1, 2023, Plaintiff Mr. Tint had a good reputation, good credit, and deservedly enjoyed the esteem and positive opinions of its customers, business associates, and the general public.

23. 3M's November 1, 2023 letter from Pam Dorrough to Ryan Cothran is false and defamatory in the following particulars:

   a. 3M falsely represented, either expressly or through implication, that Mr. Tint did not install 3M safety and security film at the two schools as required by Mr. Tint's contract with the School District;

   b. 3M falsely represented, either expressly or through implication, that Mr. Tint committed fraud by misrepresenting to the School District that it was purchasing 3M safety and security film; and

   c. 3M falsely represented, either expressly or through implication, that Mr. Tint is liable to the School District for selling another manufacturer's products to the School District when the contract required that Mr. Tint sell and install 3M products.

24. The libelous statements made in 3M's November 1, 2023 letter to Ryan Cothran are actionable *per se* and therefore common law malice is presumed.

25. Defendant 3M was wanton and reckless in testing the samples and claiming that the samples were not 3M products, when in fact they were.

26. Defendant 3M acted with malice, ill will, recklessly, wantonly, and with conscious indifference to the truth and the rights of Plaintiff Mr. Tint.

27. Plaintiff Mr. Tint suffered actual, direct damages as a result of 3M's libelous statements in the form of the School District's termination of Mr. Tint's contract to install safety and security film at its various schools, which would not have happened but for 3M's defamatory statements.

28. In addition, Mr. Tint has suffered damage to its reputation among its customers, colleagues, and the general public.

29. Mr. Tint has lost additional business from other school districts in South Carolina as a result of Defendant 3M's libelous statements made in its November 1, 2023, letter.

30. Mr. Tint is therefore entitled to an award of actual and punitive damages against the Defendant 3M for its tortious, intentional, wanton, malicious, and reckless acts.

WHEREFORE, Plaintiff respectfully requests that the Court award it judgment against the Defendant 3M in this matter for an amount of actual and punitive damages to be determined at trial, for the costs of this action, for pre- and post-judgment interest, for its attorneys' fees, and for such other and further relief as may be just and proper. Plaintiff further demands a trial by jury for all claims so triable.

Respectfully submitted,

*s/ James M. Griffin*
James M. Griffin, Esq., Fed. ID No. 1053
Margaret N. Fox, Esq., Fed. ID No. 10576
Griffin Humphries, LLC
4408 Forest Dr., Suite 300
P.O. Box 999 (29202)
Columbia, South Carolina, 29206
(803) 744-0800
jgriffin@griffinhumprhies.com
mfox@griffinhumphries.com

                              Richard A. Harpootlian, Esq., Fed. ID No. 1730
                              RICHARD A. HARPOOTLIAN, P.A.
                              1410 Laurel Street (29201)
                              Post Office Box 1090
                              Columbia, South Carolina 29202
                              (803) 252-4848
                              rah@harpootlianlaw.com

December 6, 2023
Columbia, South Carolina.